(No. 38643.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
MINOR E. HAMPSTEN, Appellant.

*Opinion filed June 24, 1965.*

CRAIG & CRAIG, of Mattoon, (WHITNEY D. HARDY, of counsel,) for appellant.

WILLIAM G. CLARK, Attorney General, of Springfield, and RALPH D. GLENN, State's Attorney, of Charleston, (FRED G. LEACH, Assistant Attorney General, and MARK B. HUNT, JR. and L. STANTON DOTSON, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Defendant, Minor E. Hampsten, was indicted in the circuit court of Coles County for indecent liberties with a child. The State's Attorney thereafter filed a petition alleging that defendant was a sexually dangerous person within the meaning of the Sexually Dangerous Persons Act. (Ill. Rev. Stat. 1961, chap. 38, pars. 820.01, *et seq.*) After a hearing on the petition a jury found him to be a sexually dangerous person, and he was committed to the psychiatric division of the penitentiary at Menard.

On this appeal defendant makes a number of suggestions as to why his commitment should be set aside including an assertion that a portion of the act is unconstitutional. However, we deem it necessary to consider only his contention that the evidence did not establish that he was a "sexually dangerous person" as defined by the act.

The Sexually Dangerous Persons Act provides for the commitment of "sexually dangerous persons" who are defined as "persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition

hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities towards acts of sexual assault or acts of sexual molestation of children * * *." (Ill. Rev. Stat. 1961, chap. 38, par. 820.01.) It is the defendant's contention that the trial court's judgment must be reversed since the evidence did not establish that he had suffered from any mental disorder during the one-year period immediately preceding the filing of the petition.

The State's Attorney filed his petition under the Sexually Dangerous Persons Act on July 28, 1962, and we must therefore review the evidence relevant to defendant's mental condition during the year preceding that date. Although there was evidence that on April 30, 1962 and again on May 5, 1962 defendant had engaged in indecent acts with two children, several witnesses, including the father of the children whom defendant allegedly molested, testified that prior to those acts defendant had done nothing which might indicate any mental disorder. There was further evidence that defendant was fifty-two years of age and had spent about thirty years as an inmate in various prisons during which time he had been involved in fights with other prisoners who, according to defendant, made sexual advances towards him. However, defendant was not imprisoned at any time for over eighteen months prior to his arrest May 5, 1962 on the indecent liberties charge.

The medical evidence as to defendant's mental condition consists of the testimony of one doctor and a letter written by another doctor. Arthur Looby, a psychologist, testified that he had examined defendant in his offices on July 5, 1962, and that at that time defendant showed "an immature concept of masculine and feminine roles". However, Dr. Looby testified that he "did not ask any question of Mr. Hampsten about his history or his life in prison" and expressed no opinion as to whether such an "immature

concept" constituted a mental disorder or how long such condition had existed.

Also introduced in evidence was a letter written by Dr. C. Spencer Bond, an M.D. in Decatur who examined defendant at the request of the State's Attorney. In the letter Dr. Bond stated that there was "no clear-cut evidence that this man is a sexual deviate based on this examination; however, it is believed that if the charges of which he is accused are proven, he most likely is a sexually dangerous individual". Dr. Bond's letter contained no opinion as to the existence of any mental disorder of defendant prior to his examination on July 2, 1962.

The only medical testimony pertaining to defendant's past mental condition is that of Dr. R. C. Arnold, a psychiatrist, who examined defendant for short periods of time on July 9, 1962 and January 28, 1963. Dr. Arnold testified that he was of the opinion that defendant was "a sexually dangerous person within the letter of the law" and that the condition had existed for more than one year prior to his examination on July 9, 1962, since "this type of illness is always of lifelong pattern". A careful examination of Dr. Arnold's testimony reveals that the reason for the foregoing opinion was his assumption that defendant "was sexually dangerous when he was in prison". There is no evidence to support such an assumption. Dr. Arnold stated on cross-examination that he had not seen any of defendant's prison records and had not discussed defendant's conduct in prison either with prison officials or prison doctors and psychiatrists. It does appear that during the course of his examination of defendant, Dr. Arnold was told of defendant's altercations with inmates, but there is no explanation by Dr. Arnold as to how this fact, coupled with the fact of defendant's presence in prison, leads to his assumption that defendant was suffering from a mental disorder while in prison. Accordingly, we think that Dr.

Arnold's opinion as to defendant's mental condition during the year preceding the filing of the petition can be afforded little weight.

A consideration of the entire record leads us to the conclusion that the evidence was insufficient to establish that defendant was a "sexually dangerous person" within the meaning of the Sexually Dangerous Persons Act. The jury's verdict to the contrary was against the manifest weight of the evidence, and the trial court's order committing defendant to the penitentiary must be reversed.

The judgment of the circuit court of Coles County is reversed.

*Judgment reversed.*