(No. 38642.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BERNARD D. BRUCKMAN, Plaintiff in Error.

*Opinion filed September 28, 1965.*

JAMES L. CAPEL, JR., of Champaign, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and JOHN J. BRESEE, State's Attorney, of Urbana, (FRED G. LEACH and WILLIAM A. BOMP, Assistant Attorneys General, of counsel,) for the People.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

In 1960 the grand jury for the circuit court of Champaign County returned an indictment charging the defendant, Bernard Bruckman, with a crime against nature. Thereafter a petition was filed charging that the defendant was a sexually dangerous person. The court appointed two physicians to examine the defendant and a jury hearing was held resulting in a verdict and judgment that the defendant was a sexually dangerous person. We have issued a writ of error to review that judgment.

The defendant contends that he was denied due process of law and deprived of his constitutional right not to give evidence against himself bceause one of the examining psychiatrists testified that the defendant had admitted committing the sex offenses with which he was charged and that defendant had also admitted engaging in numerous other acts of the same character during the past several years. The defendant recognizes that a proceeding under the Sexually Dangerous Persons Act is civil in nature, but points out that in *People* v. *Capoldi,* 10 Ill.2d 261, and *Peo-*

*ple* v. *Nastasio,* 19 Ill.2d 524, we held that because a proceeding under the act could result in depriving the defendant of his liberty, he must be accorded the protection of due process. In the *Capoldi* case we held that when proper objection is made to admissions or statements which are in the nature of confessions, preliminary proof of their voluntary character is required. In *People* v. *English,* 31 Ill.2d 301, the question presented was whether a defendant, who refused to submit to a psychiatric examination ordered by the court in a proceeding under the act, was guilty of contempt of court. We held that a defendant could be compelled to submit to a psychiatric examination, but that the privilege against self-incrimination protects such a defendant from making any statement to the psychiatrist which might tend to incriminate him. While this holding might, on its face, appear to support the position of the defendant here, we find it inapplicable. The privilege against self-incrimination, like other constitutional rights, can be waived, and it is waived unless asserted at the trial. The testimony of the psychiatrist was received without objection at the trial and there is nothing to indicate that the defendant asserted his privilege during his examination by the psychiatrist. In *Capoldi* the defendant made a timely objection to the admission of testimony that he had confessed his guilt to the psychiatrist, and in *English* the defendant refused to submit to the psychiatric examination on the ground that to do so would deprive him of his privilege against self-incrimination. We further note that here the defendant's counsel of his own choice stipulated with the prosecutor that the defendant had committed an act of sodomy as charged in the indictment. In our opinion the admission of the psychiatrist's testimony, without objection, did not violate the defendant's constitutional rights and was not error.

The defendant also contends that the judgment must be reversed because one of the physicians who testified at the

hearing was not properly qualified. At the time of this proceeding, the Sexually Dangerous Persons Act provided in part as follows:

"§ 4. After the filing of the petition, the court shall appoint two qualified psychiatrists to make a personal examination of such alleged sexually dangerous person, to ascertain whether such person is sexually dangerous, and the psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent.

"§ 4.01 'Qualified psychiatrist' means a reputable physician licensed in Illinois to practice medicine in all its branches, who has specialized in the diagnosis and treatment of mental and nervous disorders for a period of not less than 5 years." Ill. Rev. Stat. 1959, chap. 38, pars. 823, 823.01.

At the hearing held in April, 1960, Dr. Lloyd Ravlin testified that he had graduated from the University of Illinois College of Medicine in 1947, interned in Mercy Hospital in Chicago in 1947 and 1948, and engaged in general practice for the following eight years. He testified that he entered psychiatric residence training in 1956, completed this in 1959 and interned in 1959. He was asked how long he had been practicing psychiatry and he testified that his actual practice had been "since last July". Counsel for the defendant objected to the testimony of the doctor on the ground that he was not qualified as required by the act. The court questioned the doctor as to the nature of his practice and as to how many patients he had examined, and, apparently being satisfied that the doctor was a qualified psychiatrist, overruled the defendant's objection. In our opinion the ruling of the court was erroneous. As we pointed out in the *Capoldi* and *Nastasio* cases, and in *People* v. *Olmstead,* 32 Ill.2d 306, the nature of a proceeding under the act is such as to require adherence to the established principles of

due process of law. While we were there speaking of constitutional rights, we believe that it is clear from these cases and from a consideration of the nature of the proceeding, and the possibility of indefinite confinement as a result thereof, that the act should be strictly construed. In *People* v. *McDonald,* 44 Ill. App. 2d 348, the appellate court, relying upon the *Capoldi* and *Nastasio* cases, adopted such a construction and held that the provisions of the Sexually Dangerous Persons Act should be afforded the same strict construction as penal statutes. If only the doctor's actual practice, as shown by his testimony, is considered, he had specialized in the diagnosis and treatment of mental disorders for less than one year at the time of the hearing. Even if his training and residency is considered, he had specialized for less than four years. In our opinion the trial court had no discretion to waive the plain legislative requirement and we, therefore, hold that the admission in evidence, over objection, of Dr. Ravlin's testimony, was prejudicial and reversible error.

Defendant also complains that it does not appear that the examining psychiatrists filed a written report with the court or furnished respondent with a copy thereof. The act clearly requires this to be done, but because the cause must be remanded for a new hearing, we need not consider whether the failure of the record to disclose written psychiatric reports and service of copies on respondent, standing alone, would be reversible error.

The judgment of the circuit court of Champaign County is reversed and the cause remanded for a new hearing in accordance with the views expressed in this opinion.

*Reversed and remanded.*