**People of the State of Illinois, Plaintiff-Appellee, v. Herbert E. Pearson, Defendant-Appellant.**

**Gen. No. 64–61.**

Third District.

December 20, 1965.

Peter Denger, of Rock Island, for appellant.

William G. Clark, Attorney General, of Springfield (Richard Stengel, State's Attorney, of Rock Island, and Peter C. Fieweger, Assistant State's Attorney, of counsel), for appellee.

STOUDER, J.

This is an appeal from an order of the Circuit Court of Rock Island County adjudging appellant to be a sexually dangerous person. The facts, which are undisputed, show that an information was filed charging appellant with contributing to the sexual delinquency of a child. No hearing was had on this information but subsequent to its filing a petition was filed by the State's Attorney alleging appellant to be a sexually dangerous person as defined in Ill Rev Stats 1961, c 38, § 820.01. Pursuant to this petition the trial court ordered the appointment of two psychiatrists to examine appellant and to file written reports with the court. These examinations were made and the reports were so filed.

At the hearing on this petition, the only witnesses were appellant, his employer and the mother of the child involved. Neither of the two psychiatrists testified nor were their reports offered in evidence. The child likewise was not called to testify.

Appellant testified that on August 13, 1963, he had kissed a 9-year-old girl on the cheek and that in July 1956, he had been involved in a similar incident. He stated that he was not sexually aroused, did not know why he kissed the two girls and that he would be able to refrain from doing it again. Appellant's employer testified only that he would be willing to continue to employ appellant and described his duties. The child's mother testified that the child refused to return to Vacation Bible School on August 13, 1963, because a boy had kissed her there; that the child was disturbed by the incident; and that appellant had denied his participation

265

when confronted the next day by the child and her parents.

The court order reads "Hearing was had on the results of the examination of the Defendant as a sexually dangerous person. After examining the written reports of the psychiatrists heretofore appointed by this court, . . . together with the testimony submitted at the hearing, the Court finds that the said Herbert E. Pearson is a sexually dangerous person as defined in Section 820.01, Chapter 38, . . ."

Appellant contends that this order was against the manifest weight of the evidence in that the psychiatric reports were improperly considered and without these reports the state produced no evidence in support of its petition.

Section 820.01, c 38, Ill Rev Stats provides "All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons." In addition the reports of the psychiatrists must state whether the person is sexually dangerous and be filed with the court, a copy to be furnished to the respondent. Ill Rev Stats 1961, c 38, § 823.

Our Supreme Court has held that use of defendant's confession in a proceeding of this type, must be preceded by proof that such confession was voluntary, People v. Capoldi, 10 Ill2d 261, 139 NE2d 776; and that depositions taken in defendant's absence even though defendant's attorney was present, cannot be used. People v. Nastasio, 19 Ill2d 524, 168 NE2d 728. The basis for both of these decisions was that the results of proceedings of this type are closely akin to criminal prosecutions

266

despite the statutory pronouncement that such proceedings shall be civil in nature. This compels us to find that the legislature clearly intended a rigid adherence to the rules of evidence and that every necessary element of the state's petition be proved by competent evidence.

█ █ In the instant case the record discloses that the reports of the psychiatrists were no more in evidence than was the petition. They were merely a part of the file necessary to a hearing on the matter and as such could not properly have been considered by the court as evidence of anything contained therein. We believe a fair trial requires that medical evidence must be introduced by direct testimony in order that it may be properly tested by cross-examination. Without such testimony the state produced no evidence to show the existence of any mental disorder or its duration. The only other evidence for the state consisted of the testimony of the mother and the admissions of appellant, neither of which contained any evidence from which the court could infer the existence of such mental disorder. To sustain the judgment of the court below, the record must show proof of the essential elements. People v. Hampsten, 32 Ill2d 596, 208 NE2d 577.

It is therefore our opinion that the judgment of the court below was against the manifest weight of the evidence. In so finding we do not consider it necessary to discuss the contents of the psychiatric reports, the adequacy of such contents to prove the elements required by statute or whether any of these elements were proved by any other evidence.

Inasmuch as we find that the judgment of the Circuit Court of Rock Island County was erroneous said judgment is hereby reversed.

Judgment reversed.

ALLOY, P. J. and CORYN, J., concur.