People of the State of Illinois, Appellee, v. Kenneth
Dykema, Appellant.

Gen. No. 66–99.

Third District.

December 7, 1967.

Bull, Ludens & Potter, of Morrison, for appellant.

L. E. Ellison, State's Attorney, of Morrison, for appellee.

STOUDER, P. J.

On May 31, 1966, Respondent-Appellant, Kenneth Dykema, was charged in a criminal complaint filed in the Circuit Court of Whiteside County with the offense of public indecency. On June 6, 1966, a petition was filed by the People alleging Respondent to be a sexually dangerous person. Pursuant to a petition, the court on June 13, 1966, appointed Doctors Savage and Cabrera to examine Respondent. On September 8, 1966, jury having been waived, trial was held before the court resulting in a finding by the court that the Respondent is a sexually dangerous person.

At the trial the People introduced the testimony of several children to the effect that Respondent had induced or sought to induce children to get into his car and had exposed or attempted to expose his private parts in their presence, such acts occurring within two months of the filing of the petition in this case. Respondent's counsel stipulated that Respondent had been confined in the East Moline State Hospital from 1958 to 1959, that Respondent had been convicted and sentenced for the criminal offense of rape in 1960 and Respondent's counsel further stipulated that the medical reports of Doctors Roubicek and Rybak could be admitted into evidence.

410

On appeal in this court Respondent argues that the People failed to make out a prima facie case and that certain of his constitutional rights have been violated.

This proceeding was commenced in the trial court under section 105, chapter 38, Ill Rev Stats 1965, which in subsection 1.01, defines a sexually dangerous person; in subsection 4, provides for the examination of Respondent by two qualified psychiatrists, the filing of their reports and delivery of copies to the Respondent; and in subsection 4.01, defines a qualified psychiatrist.

Respondent's assignments of error are based primarily upon the failure of the People to comply with the statutory requirements relating to appointment and examination by qualified psychiatrists. The record fails to reveal what occurred with respect to the appointment of Doctors Savage and Cabrera on June 16, 1966. Subsequent to the appointment of these doctors the record is silent concerning any participation by them in the proceeding. On September 8, 1966, the day of the hearing, there appears a docket entry that a motion to substitute psychiatrists was filed and granted. The motion was apparently an oral motion and the docket entry offers no explanation as to its propriety nor the appointment of any psychiatrists including the particular Doctors Roubicek and Rybak, whose reports were later admitted into evidence. Except for the stipulation the record does not reveal that the reports of the psychiatrists were filed with the court or delivered to the Respondent prior to admission into evidence. Further such medical reports do not purport to set forth the experience or qualifications of the doctors making such reports.

■■ Section 105, subsection 3.01, chapter 38, Ill Rev Stats 1965, provides that a proceeding to determine whether a person is sexually dangerous is civil in nature. Such proceedings may result in a deprivation of liberty and a defendant must be accorded the essential protections available in a criminal trial. People v. Olmstead, 32 Ill

2d 306, 205 NE2d 625. The statute, being in the nature of a penal statute, should be strictly construed. People v. Bruckman, 33 Ill2d 150, 210 NE2d 537.

 The People contend that whatever irregularities are revealed by the record were waived by the stipulation of Respondent's counsel that the medical reports of Doctors Roubicek and Rybak could be admitted into evidence with the same effect as if said doctors had testified personally to the facts contained therein. We do not agree with the People's contention. The record discloses that two physicians were appointed by the court but such physicians neither filed reports nor testified as witnesses. We can only conjecture as to whether these physicians examined Respondent and whether, if the examination was conducted, their reports were favorable or unfavorable to the position of the People. The physicians whose reports were considered by the court, pursuant to the stipulation, were not shown by the record to be either appointed by the court or qualified. Further, the only compliance with the statute concerning filing of the reports and delivery of copies to Respondent is also based on the stipulation entered into during the progress of the trial. To the extent the People contend that compliance with the statutory requirements was waived by the Respondent, we can only say that where waiver is claimed as a basis for noncompliance the record must affirmatively show as in other criminal proceedings, that the right was knowingly and voluntarily waived. A stipulation related solely to the admission of medical reports does not meet this requirement. We are not prepared to say which, if any, of the failures to comply with the statute might, standing alone, result in reversible error. We believe the cumulative effect of such errors leads to the conclusion that Respondent was deprived of a fair trial.

Upon a retrial of this case other matters about which Respondent has complained may not recur and we find it unnecessary to consider other assignments of error.

412

Accordingly the judgment of the Circuit Court of Whiteside County is reversed and the cause is remanded to said Court with directions that Respondent be granted a new trial.

Reversed and remanded with directions.

ALLOY and CULBERTSON, JJ., concur.