**The People of the State of Illinois, Plaintiff-Appellee, v. Paul Abney, Defendant-Appellant.**

Gen. No. 67–9.

Fifth District.

December 20, 1967.

James T. Garrison, of Marion, for appellant.

Kenneth Hubler, State's Attorney, of Marion, for appellee.

PER CURIAM.
Defendant appeals from a judgment of the Circuit Court of Williamson County, Illinois, denying his Petition for Writ of Recovery filed under the provisions of chapter 38, section 105–9, Ill Rev Stats 1965.

On February 23, 1962, defendant was declared to be a sexually dangerous person and was committed to the custody of the Director of Public Safety. On June 5, 1964, he filed a Petition for Writ of Recovery which recited the reason for his detention and alleged that he had become cured and was no longer a sexually dangerous person. Defendant also asked that psychiatrists, other than institutional, be appointed to examine him and report to the court. He requested a jury trial pursuant to the Sexually Dangerous Persons Act, the appointment of counsel other than the Public Defender, and an opportunity to be present at the hearing on his petition. On July 30, 1964, the State's Attorney filed a Motion to Dismiss the Pe-

tition. Nothing further was done by the court or by the State's Attorney on this matter until November 16, 1966, at which time the acting clerk of the court wrote to the Director of the Department of Public Safety for the "psychiatric ATC examinations of this defendant." A Special Progress Report on defendant was filed on November 29, 1966, and on November 30, 1966, the court set the application for discharge for hearing. The hearing was had on January 5, 1967, and the court denied the Writ of Recovery requested by defendant. The court sat without a jury, the defendant was not present at the hearing, and there had been no independent psychiatric examination of defendant. Counsel other than the Public Defender had been appointed for the defendant.

Defendant first contends that the trial court erred in not granting his request for a jury trial and relies on People v. Olmstead, 32 Ill2d 306, 205 NE2d 625, wherein the court said at page 314, "It is our conclusion that, upon the filing of defendant's application for discharge under section 9, the trial court should have appointed counsel to represent this indigent defendant and should have impaneled a jury pursuant to defendant's jury demand, and held a hearing to determine if the defendant had recovered from the disability responsible for his original commitment. To hold otherwise would be to permit the State to forever hold in confinement a defendant found to be sexually dangerous at the sole discretion of the officers of the State. The rights of the individual, as protected by the provisions of this act, do not so intend." From the foregoing, we conclude that the trial court erred in denying defendant's demand for a jury trial on his petition for writ of recovery.

Defendant also argues that he is entitled to an absolute discharge because he was deprived of due process of law by the delay of two and one-half years in obtaining a hearing on his petition. It has been repeatedly held that even though proceedings under the Sexually Dangerous

Persons Act are called civil in nature, they closely resemble criminal prosecutions in many critical respects, People v. Nastasio, 19 Ill2d 524, 168 NE2d 728.

■ ■ Because a judgment finding a defendant to be a sexually dangerous person subjects him to incarceration for an indefinite period, due process requires that a hearing on a petition for a writ of recovery should be held within a reasonable time. In People v. Olmstead, supra, the Supreme Court held that the trial court was compelled to hold a hearing on defendant's application for discharge under the Sexually Dangerous Persons Act even though the defendant had been inarticulate in preparing the application, saying, "to hold otherwise would be to permit the State to forever hold in confinement a defendant found to be sexually dangerous at the sole discretion of the officers of the State." In the present case the defendant found a worse type of roadblock to his rights—a delay of more than two and one-half years in setting his petition for hearing. If an indigent defendant can be required to wait more than two and one-half years to have a hearing on his petition for recovery when he is being held in the psychiatric division of a penitentiary, with limited writing privileges and no way to obtain an attorney, other than by court appointment, his rights are rendered almost nonexistent. Due process of law requires more than this.

In our examination of the record on appeal we find that the proceedings in which defendant was adjudged to be a sexually dangerous person were not conducted in accordance with the provisions of the statutes. The pertinent parts of the order entered by the trial court upon adjudging the defendant to be a sexually dangerous person read as follows:

"And now on this 14th day of February, 1962, came Carl D. Sneed, State's Attorney in and for the County of Williamson and State of Illinois and presented to the court a Petition, duly verified, alleging that Paul Abney, defendant in the above-entitled cause, is or is

239

supposed to be a sexually dangerous person within the meaning of the 'Sexually Dangerous Persons Act' of the State of Illinois, cited herein as Ill Rev Stats 1961, Chapter 38, Sections 820.01–825, and praying that the court appoint two qualified psychiatrists to make a personal examination of the said Paul Abney to ascertain whether said person is sexually dangerous. Thereupon the court appoints Dr. Groves B. Smith and Dr. E. Ralph May, qualified psychiatrists, to make such personal examination of the above-named Paul Abney, and, at the request of counsel for the said Paul Abney, appoints Dr. Clarence E. Boyd, qualified psychiatrist, to make a personal examination of the said Paul Abney, said psychiatrists to report their findings, conclusions and recommendations in writing to this court on or before the 28th day of February, 1962.

"Now on this same day the said defendant, Paul Abney, was brought before the court and was informed by the court of the filing of the aforesaid Petition to declare him a sexually dangerous person, and also presented by the court with a copy of said Petition; and the said Paul Abney, being interrogated by the court, stated that he was without funds to employ an attorney to represent him in said proceedings, and the court thereupon appointed Charles D. Winters, Public Defender in and for the County of Williamson and State of Illinois, to represent said defendant.

"And now on this 23rd day of February, 1962, the same being one of the regular judicial days of the February Term A. D. 1962, comes into open court, Paul Abney, together with his counsel, Charles D. Winters, Public Defender as aforesaid, and Carl D. Sneed, State's Attorney of Williamson County, also being present in open court, the court thereupon de-

livers to the said Paul Abney in open court a copy of the reports in writing of Groves B. Smith, M. D., E. Ralph May, M. D., and Clarence E. Boyd, M. D., being the psychiatrists heretofore appointed by order of this court as aforesaid, and the said Paul Abney, by his aforesaid counsel, thereupon states to the court that he is ready for his trial to begin.

"And now on this same 23rd day of February, 1962, the People now being here represented by the State's Attorney, and the said defendant, Paul Abney, being present in his own proper person, as well as represented by counsel, and the trial of this proceeding being here entered upon before the court in this proceeding in open court, no demand for jury having been made by said defendant, the court proceeds to call the case and hear open statements of counsel and evidence. Having heard all of the evidence in this cause and being thus fully advised, the court finds: . . ."

The court thereupon found that the defendant had committed certain sexual acts with different children on several occasions, which findings were in the exact language of the petition filed by the State's Attorney. After making these findings the court order continued:

"5. That Groves B. Smith, M. D., E. Ralph May, M. D. and Clarence E. Boyd, M. D., the qualified psychiatrists heretofore appointed by order of this court, have filed herein their written reports finding the said Paul Abney to be a Sexually Dangerous Person.

"IT IS THEREFORE ORDERED AND ADJUDGED that the said Paul Abney is a Sexually Dangerous Person within the meaning of the 'Sexually Dangerous Persons Act' of the State of Illinois, cited herein as Ill Rev Stats 1961, Chapter 38, Sections 820.01–825."

241

Although the court order recited that Doctor Boyd had been appointed at the behest of defendant's attorney, Dr. Boyd's report indicated that he had examined defendant at the request of the State's Attorney. To add to the confusion, the concluding paragraph of Doctor Smith's and Doctor May's report reads as follows:

"RECOMMENDATION: It is our recommendation that a hearing be held and that the combined reports of the psychiatrist examining for the defense as well as the present examiners be presented to the Court with a view to his being placed under the Guardianship of the Director of the Department of Public Safety as an individual who has a mental state that is in need of treatment."

■ Although the trial court's order recites that it heard all of the evidence in the case and then made its findings, a careful search of the record discloses that no witness testified to any of the crimes the defendant is charged with and no doctor actually testified as to the defendant's mental condition. In fact, the record does not show that the doctors' reports were even introduced into evidence. We conclude that the court's findings and judgment were not sustained by any evidence in the record. People v. Pearson, 65 Ill App2d 264, 212 NE2d 715.

■ ■ In People v. Fish, 36 Ill2d 220, 221 NE2d 637, the Supreme Court held that the provisions of the Civil Practice Act apply to appeals in proceedings of this nature, and, clearly, any appeal from the original judgment is no longer timely. If, however, the trial court failed to follow the required statutory procedures, the judgment entered may possibly be void, in which case the situation here presented is clearly distinguishable from People v. Fish.

We have before us the record of all the proceedings in this cause, and cognizant of our responsibility as a reviewing court for a just result, we invoke the powers

conferred upon us by the provisions of article VI, section 7 of the Constitution and of chapter 37, section 32.1, Ill Rev Stats 1965, and review the record of the original proceedings in order that there may be a complete determination of the cause.

■ In proceedings under the Sexually Dangerous Persons Act (c 38, § 105–1, et seq., Ill Rev Stats 1965) the circuit court exercises a special statutory jurisdiction. The manner in which such special statutory jurisdiction must be exercised is stated in Chicago & N. W. Ry. Co. v. Galt, 133 Ill 657, 23 NE 425, wherein at page 668, the Supreme Court said: "In the exercise of special statutory jurisdiction, the court or judge exercising it may be regarded as an inferior tribunal, and possessing no power not specially given by the statute, and, therefore, irregularities in the proceeding may be taken advantage of collaterally. The same author from whom we have before quoted, (sec 603,) says: 'The jurisdiction exercised in condemnation cases is always of a special character. The proceedings are to be conducted according to a certain prescribed mode. It is plain, therefore, that even after the court or tribunal has acquired jurisdiction in the case, errors may be committed which will render the proceeding void. The jurisdiction acquired is simply a jurisdiction to proceed to final determination of the case in the mode provided by law. Any material departure from that mode will be fatal to the proceedings.' "

In People v. Pearson (supra), in speaking of proceedings under the Sexually Dangerous Persons Act, at page 267, the court said: "This compels us to find that the legislature clearly intended a rigid adherence to the rules of evidence and that every necessary element of the state's petition be proved by competent evidence.

"In the instant case the record discloses that the reports of the psychiatrists were no more in evidence than was the petition. They were merely a part of the file necessary to a hearing on the matter and as such could

not properly have been considered by the court as evidence of anything contained therein. We believe a fair trial requires that medical evidence must be introduced by direct testimony in order that it may be properly tested by cross-examination. Without such testimony the state produced no evidence to show the existence of any mental disorder or its duration. . . . To sustain the judgment of the court below, the record must show proof of the essential elements."

 Where, as here, the record shows that there was no evidence adduced, we hold the judgment rendered to be void.

Reversal of the judgment denying defendant's petition for a Writ of Recovery without reversal of the prior judgment would place the defendant in the position of being required to sustain the burden of proof that he has recovered, when the judgment upon which his incarceration is based was entered without any evidence to support it. Justice requires that the original judgment be reversed and the cause remanded for a new trial. This defendant has been incarcerated for a period in excess of 5 years and should not be further deprived of his liberty unless adjudged to be a sexually dangerous person upon a hearing conducted in strict compliance with the pertinent statutes and with The People required to sustain the burden of proof of the elements necessary to such adjudication.

We wish to thank the court appointed attorney for the defendant in this case for filing an excellent brief, without fee. We have not had the benefit of a brief from the State's Attorney of Williamson County. However, the State's Attorney of Williamson County is invited to file a petition for rehearing under Rule 367 if he disagrees with any of the comments made in this opinion concerning the proceedings in this case.

For the reasons herein set forth, the judgments of the Circuit Court of Williamson County entered on February

23, 1962, and on January 5, 1967, are reversed, and the cause remanded for further proceedings consistent with this opinion.

Judgments reversed and remanded.