THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* EDDIE A. COLE, Respondent-Appellant.

(No. 11473; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—June 12, 1972.

Kenneth L. Gillis, of Defender Project, of Chicago, for appellant.

Everett L. Laury, State's Attorney, of Danville, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a conviction as a sexually dangerous person and sentence to the custody of the Director of Corrections of the

State of Illinois. Defendant was in custody charged with a violation of Ill. Rev. Stat. 1969, ch. 134, pars. 16.4 and 16.5. This statute prohibits the transmission of obscene, lewd or immoral language or terms by telephone or telegraph with the intent to offend another. Such action is a misdemeanor and provides for a penalty of a fine of not more than $300 or confinement in the county jail for a period not to exceed six months or both.

A petition to declare the defendant a sexually dangerous person was filed, determination of his indigency was made and a public defender appointed. On the same day the court found that the defendant had waived the presence of his attorney and allowed a motion of the State to appoint two psychiatrists to examine him as required by statute. (Ill. Rev. Stat. 1969, ch. 38, par. 105—4.) The two psychiatrists so appointed examined the defendant in the county jail on separate dates and filed their several reports in writing with the court. One of the psychiatrists testified in the subsequent hearing that he was a sexually dangerous person. The second one didn't testify. The report of the second psychiatrist as shown by the record found that the defendant was suffering from a long standing sexual perversion, that he was not dangerous in the sense of doing bodily harm to his victim and "I would feel rather than being a danger to the community, he is more of a nuisance and his behavior is an attempt to frighten his victims and by doing so, he gets vicarious satisfaction".

■■ The defendant levies a barrage of complaints asserting procedural defects in the conduct of the hearing. Section 105—4 of the statute requires that the court shall appoint two qualified psychiatrists to make a personal examination of such alleged sexually dangerous person, to ascertain whether such person is sexually dangerous, and both psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent. The defendant asserts that the clear implication of this statute is that both psychiatrists in their preliminary report to the court should find that he is a sexually dangerous person. We agree.

This position is we believe supported by the decisional law in this state. In *People v. Olmstead*, 32 Ill.2d 306, 205 N.E.2d 625, two psychiatrists were appointed to examine the defendant and filed their reports in the cause. Both reports supported the finding of the trial court and became a part of the court record. The Supreme Court stated at p. 312: "We find no requirement in the act that both psychiatrists shall testify, and we feel that the testimony of one may provide a *prima facie* case in the absence of contradictory reports". In *Olmstead* only one psychiatrist testified on the hearing, but both reports found the defendant to be a sexually dangerous person. Thus, there were no contradictory reports. In

*People v. Covey*, 34 Ill.2d 195, 215 N.E.2d 220, *Olmstead* is cited with approval and the proposition reiterated that there is no requirement in the act that both must testify and that the testimony of one is sufficient to establish a *prima facie* case in the absence of contradictory reports. There were no contradictory reports in either *Olmstead* or *Covey*. There is a contradictory report, as we have pointed out, in the case at bar. It is thus clear that the State has not established a *prima facie* case in the record before use.

■■ In addition, it should be noted that the definition of a sexually dangerous person requires the State to establish a mental disorder "coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children". The defendant testified in this case and readily admitted the transmission of obscene, lewd, and immoral language as charged in the principal complaint. In our judgment, the transmission of lewd language by way of telephone or telegraph does not *per se* demonstrate propensities toward "acts of sexual assault or sexual molestation of children", nor does it fall within the category of "criminal propensities to the commission of sex offenses". Without repeating the precise words, they were an invitation or a suggestion unaccompanied by any act on the part of the defendant to carry out the suggestion. Under these circumstances, we do not feel the State brings itself within the intent, purpose or language of the sexually dangerous persons statute.

In view of what we have just said, it is not necessary to consider the other errors assigned. The judgment of the trial court must be and it is hereby reversed.

Judgment reversed.

TRAPP, P. J., and SIMKINS, J., concur.