THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY HODGES, Defendant-Appellant.

Third District No. 74-342

Opinion filed March 10, 1976.

Mark Burkhalter and Richard Steck, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward P. Drolet, State's Attorney, of Kankakee (Russell Boothe, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Defendant Johnny Hodges appeals from an order adjudging him to be a sexually dangerous person and committing him to the Director of Corrections.

Following defendant's indictment for indecent liberties with a child, the State's Attorney filed a petition to have defendant declared a sexually dangerous person. Defense counsel agreed to the two psychiatrists appointed by the court. The doctors conducted a mutual examination of defendant and prepared one written report, signed by both, describing his past history and concluding that defendant was a sexually dangerous person within the meaning of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1973, ch. 38, §105—1.01). According to the report, defendant told the doctors that he frequently had consensual homosexual relations with young boys.

Defendant waived his right to a jury trial. At the hearing on the petition, defendant stipulated to the admission of the report into evidence, and neither doctor was called to testify. The records of two prior convictions, one for rape and another for contributing to the sexual delinquency of a child, were introduced into evidence by the State without objection by defendant. No other evidence was presented, and the court committed defendant to the Director of Corrections as a sexually dangerous person.

On appeal defendant first claims that his constitutional privilege against self-incrimination was violated because the record does not affirmatively show that he was ever advised of his right to remain silent or that he knowingly waived the privilege when he admitted past criminal activities to the psychiatrists who examined him.

■■ In *People v. Bruckman* (1965), 33 Ill. 2d 150, 210 N.E.2d 537, the Illinois Supreme Court rejected an identical contention, stating:

"The privilege against self-incrimination, like other constitutional rights, can be waived, and it is waived unless asserted at the trial. * * * In our opinion the admission of the psychiatrist's testimony, without objection, did not violate the defendant's constitutional rights and was not error." 33 Ill. 2d 150, 152.

The same view was adopted in *People v. Oliver* (4th Dist. 1975), 32 Ill. App. 3d 772, 336 N.E.2d 586, where the court modified its earlier holding in *People v. Potter* (4th Dist. 1937), 85 Ill. App. 2d 151, 228 N.E.2d 238. In *Potter*, the court said that a defendant in a sexually dangerous persons proceeding is entitled to his constitutional privilege against self-incrimination and to the appointment of counsel prior to a psychiatric examination unless these rights were knowingly waived, and that, since the record showed no waiver, the case would be reversed. In *People v. Oliver*, the court cited *Potter* as holding that the self-incrimination privilege was applicable to a sexually dangerous person proceeding, and then held that the privilege is waived unless asserted at trial.

The problem of due process requirements under the Sexually Dangerous Persons Act was thoroughly explored in an excellent opinion in *People v. Pembrock* (1st Dist. 1974), 23 Ill. App. 3d 991, 320 N.E.2d 470.

"Although we have held that a standard of proof of beyond a reasonable doubt must be used in sexually dangerous persons proceedings, we do not believe that other elements of the criminal process, such as admonitions regarding a right to a jury trial, a right to appeal and the consequences of a guilty plea, are also constitutionally required as has been contended by defendant. * * * [T]he requirements of due process are not static but may vary depending upon the nature of the interests involved. While both the civil proceedings in question and criminal prosecutions may result in a loss of liberty, substantial differences exist between them. Foremost among these are that in a commitment under the Act there is no inference of moral blameworthiness since a finding of sexual dangerousness indicates that a defendant's inability to conform to the dictates of the law is the product of a mental illness and, secondly, commitment under the Act, unlike criminal incarceration, is not intended as punishment. Thus our supreme court has specifically rejected defendant's arguments regarding jury trial admonitions [citation] and right to appeal [citation]." 23 Ill. App. 3d 991, 995.

The *Pembrock* decision was affirmed by the supreme court (*People v. Pembrock* (1976), 62 Ill. 2d 317, 342 N.E.2d 28) on the ground that

due process mandates proof beyond a reasonable doubt under the Act. The supreme court opinion did not discuss the other issues considered by the intermediate court, and therefore, the efficacy of the appellate court's disposition of those matters was not diminished by the supreme court ruling.

We believe the decisions in *People v. Oliver* and *People v. Bruckman* are controlling here, and we hold that defendant waived his self-incrimination privilege when he failed to assert it in the trial court.

■■ Defendant also contends that the record must show affirmatively that the court-appointed psychiatrists had the qualifications required by section 4.01 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1973, ch. 38, §105—4.01). As the record shows, defendant stipulated to the admission of the psychiatrists' report into evidence, and earlier agreed to the two physicians suggested by the court, expressly declining an opportunity to substitute another doctor of his choice. Defendant's stipulation relieved the State of any further proof of qualifications, and satisfied the requirements of the statute and of due process. (*People v. Pembrock; People v. Pygott* (4th Dist. 1965), 64 Ill. App. 2d 284, 211 N.E.2d 382.) This case is not one where statutory prescriptions were so flagrantly violated that the cumulative effect was to deprive defendant of a fair trial, as occurred in *People v. Dykema* (3d Dist. 1967), 89 Ill. App. 2d 409, 232 N.E.2d 471.

■■ Defendant next asserts that the statute requires two separate psychiatric examinations and separate reports and that it was error to permit the two psychiatrists here to conduct a mutual examination and to submit a joint report. If this was error, it was waived when defendant stipulated to the admission of the report in evidence. (See *People v. Lampson* (3d Dist. 1974), 24 Ill. App. 3d 578, 321 N.E.2d 516.) In addition, section 4 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1973, ch. 38, §105—4)[1] refers to "examination" and "report" in the singular, not plural. We think it doubtful that the statutory language can be read as requiring a separate examination and report from each appointed psychiatrist, because to allow such a construction would result in confusion if each of the two psychiatrists reached opposite conclusions. See *People v. Cole* (4th Dist. 1972), 5 Ill. App. 3d 836, 284 N.E.2d 53.

■■ The final argument advanced by defendant concerns the sufficiency of the evidence. He declares that the stipulated report, in the absence

---

[1] Section 4 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1973, ch. 38, §105—4) provides: "After the filing of the petition, the court shall appoint two qualified psychiatrists to make a personal examination of such alleged sexually dangerous person, to ascertain whether such person is sexually dangerous, and the psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent."

of other competent evidence, was insufficient to support the court's finding that he was sexually dangerous. This is a misstatement of fact since the record shows that two prior convictions for sex crimes were also placed in evidence. The report was not the only evidence supporting the court's finding. *Cf. People v. Turner* (2nd Dist. 1965), 63 Ill. App. 2d 353, 211 N.E.2d 486.

■■ Defendant also argues that he was entitled to have the psychiatric evidence proved by the direct testimony of at least one doctor. He relies on *People v. Pearson* (3d Dist. 1965), 65 Ill. App. 2d 264, 212 N.E.2d 715, and *People v. Abney* (5th Dist. 1967), 90 Ill. App. 2d 235, 232 N.E.2d 784, where the psychiatric reports were *not* introduced in evidence, and the doctors did not testify. In each case the finding of the trial court was reversed because it was not supported by evidence, and the reviewing courts in both cases stated that a fair trial requires that medical evidence be introduced by direct testimony. The facts of those cases are distinguishable from the case at bar, because here the defendant stipulated to the admission of the medical report into evidence in the trial court. In *People v. Pygott,* a stipulation as to the psychiatrists' conclusion was held to constitute a waiver of statutory requirements concerning the medical examination and report. The court stated: "It is defendant's fault and no one else's that the conclusion was not tested in the usual mode by cross-examination." 64 Ill. App. 2d 264, 291.

Defendant also cites *People v. Olmstead* (1965), 32 Ill. 2d 306, 205 N.E.2d 625, where it was held that the testimony of one psychiatrist is sufficient to establish a *prima facie* case in the absence of contradictory reports. However, in that case the court neither considered nor purported to rule on the sufficiency of a stipulated joint report.

■■ We take particular note that defendant, in his reply brief filed with this court, is critical of the "non-advocatory posture" of defense counsel in the trial court, and he accuses counsel of "stipulating his client into jail." These statements ignore the fact that commitment under the Sexually Dangerous Persons Act is for the purpose of "care and treatment" of defendant, not punishment. (Ill. Rev. Stat. 1973, ch. 38, §105—8.) Furthermore, in dismissing a similar argument, the Illinois Supreme Court has said, "Proper legal representation does not require the manufacturing of a defense when there is none, or the obfuscation of facts." *People v. Olmstead* (1965), 32 Ill. 2d 306, 311.

Having concluded that defendant's arguments are without merit, we affirm the order of the trial court.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.