THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES BECRAFT, Defendant-Appellant.

Fourth District   No. 15162

Opinion filed August 8, 1979.

Richard J. Wilson and Jeff Justice, both of State Appellate Defender's Office, of Springfield, for appellant.

C. Joseph Cavanagh, State's Attorney, of Springfield (Marc D. Towler, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:
Defendant, James Becraft, appeals from an order of the circuit court

of Sangamon County entered May 24, 1978, pursuant to the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1977, ch. 38, par. 105—1.01 *et seq.*), declaring him to be such a person and committing him to the custody of the Director of Corrections. On appeal, defendant contends (1) he was denied effective assistance of counsel because his appointed counsel was tainted with a *per se conflict* of interest, (2) the trial court erred in failing to *sua sponte* hold a hearing to determine his fitness to stand trial or be sentenced (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(c)), and (3) his commitment should be reversed for failure to follow the procedures outlined in the Sexually Dangerous Persons Act.

In his appeal brief, defendant alleges that defense counsel is associated with two other attorneys who are special assistant attorneys general handling condemnation matters. Recently, in *People v. Fife* (1979), 76 Ill. 2d 418, 392 N.E.2d 1345, the supreme court ruled that such a situation does give rise to a per se conflict of interest in the absence of full disclosure of that affiliation and a knowing and intelligent waiver. However, the court specifically stated that its ruling should be only prospectively applied to cases involving prosecution for offenses occurring subsequent to the filing of the *Fife* opinion. The offenses involved here occurred prior to the *Fife* decision. Therefore, the conflict of interest alleged here does not require reversal.

Prior to the filing of the petition to have defendant declared a sexually dangerous person, he had been indicted for two rapes, taking indecent liberties with two children, and one deviate sexual assault. The charges involved a total of three victims. Shortly after arraignment, two psychiatrists, one selected by the court and the other by the State, were appointed to examine him to determine his fitness to stand trial. Later, pursuant to a plea agreement, defendant tendered a plea of guilty to one rape charge. The court conditionally accepted the plea subject to a determination of whether defendant was "dangerous" or "treatable." Subsequently, the court withdrew its acceptance of the guilty plea and the instant petition was filed about 1 month later.

Our review of the record discloses several irregularities in the proceedings to have defendant declared a sexually dangerous person. The combined effect of these requires reversal of defendant's commitment.

Section 4 of the Act (Ill. Rev. Stat. 1977, ch. 38, par. 105—4) provides:
> "After the filing of the petition, the court shall appoint two qualified psychiatrists to make a personal examination of such alleged sexually dangerous person, to ascertain whether such person is sexually dangerous, and the psychiatrists shall file with the court a report in writing of the result of their examination, a copy of which shall be delivered to the respondent."

No psychiatrists were ever appointed to examine defendant to determine whether he was sexually dangerous. Prior to the filing of the petition so alleging, each of the previously appointed psychiatrists had prepared an original and a supplemental report, and one of them had prepared an additional supplemental report, all of which were in the form of a letter addressed to the court or the Assistant State's Attorney in charge of the case. All touched upon the question of defendant's sexual dangerousness, but only three were filed prior to the hearing on that petition. Four of the reports, including two not previously filed, were attached to the State's official statement prepared pursuant to section 5—4—1(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1977, ch. 38, par. 1005—4—1(c)) and filed subsequent to the order committing defendant.

Section 4.01 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1977, ch. 38, par. 105—4.01) defines the term "qualified psychiatrist," used in various sections of the Act, as "a reputable physician licensed in Illinois to practice medicine in all its branches, who has specialized in the diagnosis and treatment of mental and nervous disorders for a period of not less than 5 years." No evidence was presented that the two psychiatrists here met those requirements. The fact that they had been appointed to examine defendant to determine his fitness for trial is not sufficient proof because the statute under which they were appointed refers only to "qualified experts" and does not define that term (Ill. Rev. Stat. 1977, ch. 38, par. 1005—2—1(g)).

Although the Act does not specifically require such, we note that the two psychiatrists did not agree that defendant was a sexually dangerous person within the definition found in section 1.01 of the Act (Ill. Rev. Stat. 1977, ch. 38, par. 105—1.01). That section states:

"All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons."

One of the psychiatrists who had been given the statutory definition of the term sexually dangerous person, specifically stated that he did not think defendant was mentally ill or had a "condition," that defendant's sexual dangerousness might be due to a lack of inner controls, and that he should not be treated but might be able to learn such control in prison. The other psychiatrist stated that defendant was sexually dangerous, but the record does not show that he was ever told the statutory definition of the term, and none of his reports stated that defendant's actions were due to a mental disorder.

The court committed defendant after a proceeding in which defendant admitted the allegations of the petition alleging him to be a sexually dangerous person. None of the psychiatrists' reports were introduced into evidence at that proceeding. Instead, in response to a question by the court as to the basis of the petition, an Assistant State's Attorney stated that both psychiatrists had concluded that defendant was suffering from a mental illness and met the statutory definition of a sexually dangerous person, and both recommended that defendant receive further medical treatment. Reference to our earlier discussion of the psychiatric reports will show that this was a misstatement of the findings in those reports.

It has been held that in a proceeding under the Sexually Dangerous Persons Act, a defendant may stipulate to the qualifications of the psychiatrists (*People v. Hodges* (1976), 36 Ill. App. 3d 422, 343 N.E.2d 565), the use of psychiatric reports made prior to the filing of the petition (*People v. Pygott* (1965), 64 Ill. App. 2d 284, 211 N.E.2d 382), and the admission of the reports in evidence in lieu of direct testimony by the psychiatrists (*Hodges; Pygott*). Here, however, no such stipulations were made.

In view of the procedural irregularities and the State's misstatement as to the findings of the psychiatrists, we cannot agree with the State's argument that defendant's admission of the petition's allegations was sufficient to establish that he was a sexually dangerous person.

Defendant has argued that his commitment must be reversed because both psychiatrists did not find him to be sexually dangerous. Previous cases have ruled that in a contested case, both psychiatric reports must agree that defendant is a sexually dangerous person. (*People v. Olmstead* (1965), 32 Ill. 2d 306, 205 N.E.2d 625; *People v. Cole* (1972), 5 Ill. App. 3d 836, 284 N.E.2d 53.) However, the Act does not state such a requirement, and we specifically do not address the question of whether both reports must so find in a case where the defendant admits that he is a sexually dangerous person within the meaning of the Act.

For the reasons stated above, we reverse defendant's commitment as a sexually dangerous person and remand for further proceedings either on the pending petition or, if that is withdrawn, upon the pending original charges. Because of this disposition, we need not decide whether defendant was previously competent to stand trial or to plead guilty or to admit the allegations of the petition. This question will be superseded by the question of his competency at the time of further proceedings.

Reversed and remanded.

REARDON, P. J., and MILLS, J., concur.