THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* STANLEY M. PARROTT, Defendant-Appellant.

Third District   No. 81—658

Opinion filed July 30, 1982.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Gary L. Peterlin, State's Attorney, of Ottawa (John X. Breslin and Kenneth A. Wilhelm, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from the trial court's decision to deny the defendant-appellant's petition for conditional release from the custody of the Department of Corrections. In 1975, the trial court committed the defendant to the Department of Corrections under the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1975, ch. 38, par. 105—1 *et seq.*). In 1977, after the Illinois Supreme Court ruled that a person may not be committed under this act absent proof beyond a reasonable doubt (*People v. Pembrock* (1976), 62 Ill. 2d 317, 342 N.E.2d 28), the State filed a second petition to commit the defendant. In the hearing on this petition, the parties stipulated to admission of the evidence presented in the 1975 hearing. Neither party offered any new evidence.

The defendant filed several applications showing recovery in 1980. (Ill. Rev. Stat. 1979, ch. 38, par. 105—9.) In the hearing on this matter in October 1981, the doctor who had been treating the defendant

at the Menard Correctional Center's mental health unit testified for the State and the defendant testified in his own behalf. At the conclusion of the hearing, the trial court found that the defendant no longer appeared sexually dangerous, but it was impossible to determine with certainty under conditions of institutional care that he has fully recovered. The trial court, however, refused to conditionally release the defendant. The defendant now appeals his 1977 commitment and the denial of the petition for recovery.

The first issue is whether the trial court properly determined the defendant to be a sexually dangerous person in 1977. The defendant argues the trial court improperly used stipulated testimony and reports from his 1975 hearing in his second hearing. Since there was no new evidence at the 1977 hearing, the defendant argues the trial court's decision amounts to an improper retroactive determination that he is a sexually dangerous person. The defendant, however, argues this issue for the first time in this appeal. The State, therefore, argues that he waived this issue and, in any event, the court correctly determined the defendant was—in 1977—a sexually dangerous person.

We find that the defendant waived this issue for review. It is true, of course, that a retroactive determination of sexual dangerousness is impermissible. (*People v. Whitney* (1975), 33 Ill. App. 3d 729, 338 N.E.2d 233.) A court may, however, use evidence admitted pursuant to stipulation to reach a proper determination. (*People v. Hodges* (1976), 36 Ill. App. 3d 422, 343 N.E.2d 565 (defendant stipulated to qualifications of psychiatric report).) Once the defendant stipulated to admission of the 1975 material as evidence in his 1977 rehearing, the State did not have to present any additional evidence. In effect, the State and the defendant implicitly agreed that his mental condition had not changed in the prior two years. At this point, the trial court could properly determine beyond a reasonable doubt that the defendant was sexually dangerous in 1977. *People v. Abney* (1967), 90 Ill. App. 2d 235, 232 N.E.2d 784, does not require a contrary result. In *Abney*, the appellate court entertained an untimely appeal from a trial court determination that the defendant was a sexually dangerous person. The widespread disregard for statutory requirements—including denial of a jury trial, the want of even stipulated psychiatric evidence in the record and the 2½ year delay in acting on a petition for recovery—necessitated such unusual action. In the case at bar, the trial court merely found the defendant sexually dangerous based on stipulated psychiatric evidence. Although this is not a preferred method of trying these cases, it is not reversible error either. (See *People v. Hodges* (1976), 36 Ill. App. 3d 422, 343 N.E.2d 565.) *Abney*

is distinguishable from the instant case and does not require this court to review the trial court's original determinations.

The second issue is whether the trial court erred when it refused to conditionally release the defendant. At the conclusion of the hearing on the defendant's petition for recovery, the trial court found that the defendant appeared no longer sexually dangerous, but that it would be impossible to be certain of his recovery under conditions of institutional care. The court also found that the mental health unit at Menard has done all it can to treat the defendant. The court refused to conditionally release the defendant, however, because it was unsure of the defendant's status in Ohio and because there was insufficient evidence upon which to formulate a plan for his supervision and treatment.

At trial, some evidence indicated a detainer for the defendant existed in Ohio. Correspondence from the Court of Common Pleas, Cuyahoga County, Ohio, to the defendant indicates that the defendant's probation has been terminated. Accordingly, the State now abandons this argument.

Although one court has held that a defendant who appears no longer sexually dangerous must be released (*People v. Richardson* (1975), 32 Ill. App. 3d 621, 335 N.E.2d 619), this court has rejected that approach. In *People v. Whitney* (1975), 33 Ill. App. 3d 729, 338 N.E.2d 233, this court ruled that a trial court must release a petitioner who appears to be no longer sexually dangerous only if adequate facilities are available to provide such supervision as it may find necessary to protect the public.

*Whitney* did not involve, however, the issue of which party is responsible for formulating a plan for the defendant's treatment, conditional release and supervision once he has demonstrated that he no longer appears dangerous. In the case at bar, the defendant wanted the trial court to order the Department of Corrections to formulate a plan for his conditional release. The State argues the statute may not be construed to require the Department of Corrections to formulate a plan for conditional release because—as *Whitney* noted—there may not always be adequate facilities to protect the public. Therefore, concludes the State, the defendant must present evidence to support his conditional release. Neither party to this appeal cites authority directly on point.

A defendant may be released from commitment if he can prove, by a preponderance of the evidence, that he is no longer sexually dangerous. (*People v. Sweeney* (1969), 114 Ill. App. 2d 81, 251 N.E.2d 897.) It is logical, therefore, to require the defendant also to

show that he can be conditionally released without endangering the public. The purpose of the Sexually Dangerous Persons Act is not only to protect that public but to treat the defendant for his mental problems. The defendant here correctly points out that the Department has superior resources and expertise to deal with sexually dangerous persons. Moreover, as a practical matter, the only experts the defendant has available to him are those that have been treating him within the correctional institution. These experts, of course, are most knowledgeable about a defendant's problems and progress towards recovery. Therefore, once a trial court has determined that a defendant is eligible for conditional release, it may require the Department to cooperate with the defendant in good faith to formulate a plan for his conditional release, treatment and supervision. This does not mean the Department must release the defendant even if there are no facilities to adequately protect the public. On the contrary, if the Department—after a good faith effort to develop a plan with the cooperation of the defendant—concludes that the public cannot be adequately protected, it may present its findings and argument to the trial court. At that point, the defendant will have the burden of proving that it is possible to protect the public during his proposed conditional release. This procedure accommodates the twin goals of protection of society and treatment of the defendant.

In conclusion, this cause is remanded to the trial court to permit the parties to develop a plan for the defendant's conditional release. Towards this end, the trial court may order the Department of Corrections to cooperate with the defendant in good faith. If the Department concludes such a plan is not feasible, the burden remains on the defendant to prove that his proposed conditional release would adequately protect the public.

Affirmed and remanded for proceedings consistent with this opinion.

STOUDER and SCOTT, JJ. concur.