(No. 42395.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* CLEVELAND LINDSEY, Appellant.

*Opinion filed March 24, 1970.*

FREDERICK F. COHN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and JACK HOOGASIAN, State's Attorney, of Waukegan, (RONALD A. LEBOWITZ, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE CREBS delivered the opinion of the court:

The defendant, Cleveland Lindsey, was charged with the crime of indecent liberties in the circuit court of Lake County. After defendant was examined by two psychiatrists, the State's Attorney filed a petition seeking to have him declared a sexually dangerous person pursuant to the Sexually Dangerous Persons Act. (Ill. Rev. Stat. 1961, ch. 38, pars. 820.01 *et seq.*). This Act is now set out in the Code of Criminal Procedure, (Ill. Rev. Stat. 1967, ch. 38, pars. 105—1.01 through 105—12), and provides that when a person is charged with an offense, the State's Attorney may file a petition setting forth facts tending to show that the accused is a sexually dangerous person. If, after a hearing and medical examination, the person charged is found to be sexually dangerous, he must be committed to the Director of Public Safety until recovered. The Act specifically provides that proceedings thereunder are to be civil in nature.

The defendant, pursuant to the above procedure, was found to be a sexually dangerous person and was committed to the custody of the Department of Public Safety, Psychiatric Division, at Menard. Since this commitment, the defendant has twice petitioned unsuccessfully for a writ of recovery, and filed a writ of error in our court which he voluntarily withdrew and then later sought to have reinstated. We denied defendant's motion to reinstate on September 18, 1968. Thereafter, defendant filed a petition for a hearing under the Post-Conviction Hearing Act. The trial court dismissed the petition, stating that such relief was not available to a person who had been committed under the Sexually Dangerous Persons Act.

Defendant here appeals from the order which held he was not entitled to relief under the Post-Conviction Hearing Act and dismissed his petition without an evidentiary hearing. Since his allegations were sufficient to require a hearing, if he came under said Act, the issue to be decided is the

availability of the Act to a person found to be sexually dangerous..

The Post-Conviction Hearing Act (Ill. Rev. Stat. 1967, ch. 38, par. 122—1 *et seq.*), states in part that "Any person imprisoned in the penitentiary who asserts that in the proceedings which resulted in his conviction there was a substantial denial of his rights under the Constitution of the United States or of the State of Illinois or both may institute a proceeding under this Article." It is clear from this language that the Act affords relief only to a person who has been imprisoned pursuant to a conviction. The defendant in this case was not convicted, but was committed to the Department of Public Safety, Psychiatric Division, at Menard, which is a separate facility from the penitentiary *per se.*

In *People* v. *English,* 31 Ill.2d 301, our court held that proceedings under the Sexually Dangerous Persons Act are civil in nature. In so holding, our court in the *English* case, reiterated that the Act itself provides that all proceedings thereunder are civil in nature. In *People* v. *Olmstead,* 32 Ill.2d 306, our court stated that "Under this act the defendant has been indeterminately committed to the Director of Public Safety. The only statutory route to freedom from confinement is to establish his recovery under section 9." Ill. Rev. Stat. 1967, ch. 38, par. 105—9.

Since the Post-Conviction Hearing Act is not an available remedy in this case, the order of the trial court dismissing defendant's petition is affirmed.

*Judgment affirmed.*