Frank **STACHULAK**, Individually and on behalf of all others similarly situated, Plaintiff,

v.

Joseph **COUGHLIN**, Individually and his capacity as Acting Director of the Illinois Department of Corrections, et al., Defendants.

No. 73 C 861.

United States District Court, N. D. Illinois, E. D.

Dec. 5, 1973.

See also D.C., 364 F.Supp. 686.

Mark Spiegel, Mandel Legal Aid Clinic, Chicago, Ill., for plaintiff.

William J. Scott, Atty. Gen. of Ill., Charles H. Levad, Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

MAROVITZ, District Judge.

### Writ for Habeas Corpus

This case was initially before the court on October 5, 1973, at which time a memorandum opinion was issued denying defendants' motion to dismiss. The aspect of the suit which relates to plaintiff's writ of habeas corpus is decided today. For convenience, we shall again set forth pertinent facts and pleadings.

The plaintiff, Frank Stachulak, is currently in the custody of the Illinois Director of Corrections at the Psychiatric Division of the Illinois State Penitentiary, Menard, pursuant to a finding by the Circuit Court of Cook County that he is a sexually dangerous person under Ill.Rev.Stats. ch. 38, § 105–1.01 et seq. Defendants are the State officials responsible for the care and custody of plaintiff Stachulak. Plaintiff seeks relief under both the Federal Civil Rights Act and the Federal Habeas Corpus Act, 42 U.S.C. § 1983 and 28 U.S.C. § 2254, respectively, claiming that his constitutional rights have been violated in the following manner: (1) the failure of the statute to require proof beyond a reasonable doubt before depriving plaintiff of his liberty violated his rights under the Due Process Clause; (2) the language of the Act is too broad and vague to guarantee Due Process and Equal Protection; (3) plaintiff is treated worse than criminal defendants and those committed under the mental health laws in violation of the Equal Protection Clause; and (4) the failure to provide treatment for one committed under civil standards for a "mental disorder" violates the Eighth and Fourteenth Amendment.

Defendants moved to dismiss the case for failure to state a cause of action upon which relief could be granted. Defendants contended that the action was an application for a writ of habeas corpus in which state remedies had not been exhausted, that the constitutionality of the Sexually Dangerous Persons Act had already been adjudicated in the state and federal courts in a manner dispositive of these issues, and that those committed have no constitutional right to treatment.

This court, in its opinion of October 5, 1973, denied the motion to dismiss, and noted its agreement with Wyatt v. Stickney, 344 F.Supp. 387 (M.D.Ala.1972), insofar as that case recognizes a constitutional right to treatment for civilly committed mental patients under the Fourteenth Amendment. Discovery was ordered with regard to the issue of adequate treatment, and the habeas corpus determination was continued to November 5, 1973.

### The Habeas Corpus Jurisdiction of the Court

The U. S. Supreme Court, in Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963), held that the statutory requirement of exhaustion of state remedies in 28 U.S.C. § 2254(b) and (c) applies only to those remedies still open to the applicant at the time he seeks federal habeas corpus, and does not include remedies he might have pursued in the past that are not still open.

Plaintiff alleges and argues that he has no presently available adequate state remedies. As plaintiff notes, the Illinois Post-Conviction Hear-

ing Act is not available to persons attacking their commitment under the Illinois Sexually Dangerous Persons Act. People v. Lindsey, 45 Ill.2d 115, 256 N. E.2d 808 (1970). Further, the state writ of habeas corpus is not available to review claims of a non-jurisdictional nature, even though such claims may involve denial of constitutional rights. People ex rel. Shelley v. Frye, 42 Ill.2d 263, 246 N.E.2d 251 (1969). The claims in this case are clearly not jurisdictional in nature. Finally, an appeal from a commitment under the Sexually Dangerous Persons Act is governed by the Civil Practice Act, People v. Kennedy, 43 Ill. 2d 200, 251 N.E.2d 209 (1969), and leave to appeal under the Civil Practice Act has expired.

■■ The failure of plaintiff Stachulak to comply with state procedures does not automatically preclude him from seeking habeas corpus relief from the federal courts pursuant to 28 U.S.C. § 2254. In fact, it is the clear holding of Fay v. Noia, *supra,* that "Federal courts have *power* under the federal habeas statute to grant relief despite the applicant's failure to have pursued a state remedy not available to him at the time he applies." 372 U.S. at 398, 83 S. Ct. at 827. We choose to invoke our habeas jurisdiction.

*Standard of Proof Employed in the Commitment Proceeding*

■ Though no standard of proof is specifically set forth in the statute, it is an uncontroverted allegation that the plaintiff in this suit was committed upon a mere preponderance of the evidence.

The proceedings under the Sexually Dangerous Persons Act are civil in nature. Ill.Rev.Stats. ch. 38, § 105–3.01. The Illinois courts have held on several occasions, however, that because these proceedings may result in a deprivation of liberty, defendant must be accorded the essential protections available in criminal trials. People v. Studdard, 51 Ill.2d 190, 281 N.E.2d 678 (1972); Peo-

ple v. Kennedy, *supra;* People v. Bruckman, 33 Ill.2d 150, 210 N.E.2d 537 (1965); People v. English, 31 Ill.2d 301, 201 N.E.2d 455 (1964). We need only determine whether the requirement of proof beyond a reasonable doubt is one of those essential protections. On the basis of the Supreme Court opinion, In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), we hold that the state must prove beyond a reasonable doubt all facts necessary to show that an individual is a sexually dangerous person.

The U. S. Supreme Court in In Re Winship, *supra,* held that when proceedings, even though labeled civil, may result in an individual's incarceration in an institution of confinement, the trier of fact must find that commitment is required beyond a reasonable doubt. This case cannot be distinguished from *Winship.*

In the present case, as in *Winship,* the plaintiff had at stake an "interest of immense importance, both because of the possibility that he may lose his liberty . . . and because . . . he would be stigmatized by the conviction." 397 U.S. at 363, 90 S.Ct. at 1072. In this case the potential loss of liberty is far greater than the potential loss in *Winship.* In *Winship,* a twelve-year-old juvenile was sentenced to an initial period of commitment of eighteen months, subject to annual extensions until his eighteenth birthday—a maximum of six years. In this case plaintiff has already served four years and has a potential life sentence—he is committed indefinitely until he can prove he has recovered.

With regard to stigma, the Court in *Winship* reached its conclusion regarding stigma despite the fact "that juvenile proceedings are confidential." 397 U.S. at 366, 90 S.Ct. 1068. Sexually Dangerous Persons proceedings are not confidential and the label sexually dangerous person certainly carries a potential for stigma equal to the label delinquent.

Moreover, this case cannot be distinguished from *Winship* on the basis of the place of commitment. In *Winship* the place of commitment was a training school, 397 U.S. at 368, 90 S.Ct. 1068; in this case the place of commitment is a prison. The only individuals committed to a facility of the Department of Corrections without having been provided with the protection of a commitment standard of proof beyond a reasonable doubt are individuals, such as plaintiff, who are committed under the Sexually Dangerous Persons Act.

Indeed, even if plaintiff were sent to a mental hospital under a commitment proceeding under the Mental Health Code, he would be entitled to have a "beyond a reasonable doubt" standard applied to his case. Lessard v. Schmidt, 349 F.Supp. 1078 (3-judge court, E.D. Wis., 1972). As *Lessard* notes at 1095:

> In In re Winship, 397 U.S. 358, 90 S. Ct. 1068, 25 L.Ed.2d 368 (1970), the Supreme Court held that proof beyond a reasonable doubt was required to prove every fact necessary in juvenile delinquency proceedings, noting that "extreme caution in factfinding," *id.* at 365, 90 S.Ct. 1068, is necessary because of "the possibility that [the individual] may lose his liberty upon conviction and because of the certainty that he would be stigmatized by the conviction." *Id.* at 363, 90 S.Ct. at 1072 . . . . The *Winship* Court reached its conclusion despite its findings that an adjudication of delinquency "does not deprive the child of his civil rights, and that juvenile proceedings are confidential." *Id.* at 366, 90 S.Ct. at 1074.

> The argument for a stringent standard of proof is more compelling in the case of a civil commitment in which an individual will be deprived of basic civil rights and be certainly stigma-

tized by the lack of confidentiality of the adjudication. We therefore hold that the state must prove beyond a reasonable doubt all facts necessary to show that an individual is mentally ill and dangerous.

Further, to allow a lesser burden of proof in a Sexually Dangerous Persons proceeding than if the original criminal charge had proceeded to completion creates an incentive for the prosecutor to file a Sexually Dangerous Persons petition in cases where he feels he does not have sufficient evidence to convict for the initial criminal offense charged. Therefore, we reiterate that a standard of proof beyond a reasonable doubt is required in proceedings held pursuant to Ill.Rev.Stats. ch. 38, § 105–3.01, as an essential part of due process.

*The Constitutional Validity of the Act*

█ In our memorandum opinion of October 5, 1973, this court held the Sexually Dangerous Persons Act to be constitutionally valid on its face. We adhere to this view. But neither that opinion nor this one should be interpreted as commenting upon the validity of the Act as applied to Stachulak in his commitment proceeding, except insofar as we have explicitly held that there is a constitutional right to treatment, and that Sec. 3.01 of the Act cannot be read to sanction a standard of proof less stringent than proof beyond a reasonable doubt.

In light of our opinion today, this case is remanded to the Circuit Court of Cook County in order to give the State an opportunity to seek renewed commitment orders. Arrangements for a new hearing in conformity with this opinion must be completed within 60 days. In default thereof, the petitioner is to be dismissed.