(No. 47242.-

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, ROBERT PEMBROCK, Appellee.

*Opinion filed January 26, 1976.*

CREBS, J., took no part.

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne Carr, Assistant Attorneys General, and Laurence J. Bolon and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Robert H. Smith, Mark Spiegel, and Lucy A. Williams, of Mandel Legal Aid Clinic, and Thomas Allen (law student), all of Chicago, for appellee.

Howard Eglit, of Chicago, for *amicus curiae* American Civil Liberties Union.

MR. JUSTICE RYAN delivered the opinion of the court:

The defendant, Robert Pembrock, was charged with committing the offense of indecent liberties with a child in violation of section 11—4(a)(2) of the Criminal Code. (Ill. Rev. Stat. 1971, ch. 38, par. 11—4(a)(2).) The State's Attorney of Cook County thereafter filed a petition alleging that the defendant is suffering from a mental disorder coupled with criminal propensities to the commission of sex offenses; that the disorder has existed for not less than one year and that the defendant demonstrated the propensities toward acts of sexual assault by committing the offense with which he was charged, by soliciting three teenage girls to commit acts of intercourse and by his juvenile record of sexual assault. The petition prayed that a hearing be held to determine if the defendant is a sexually dangerous person.

Following the procedure prescribed by the Sexually Dangerous Persons Act, the court found the defendant to be a sexually dangerous person and committed him to the custody of the Director of Corrections until he is recovered and released as provided by statute. (Ill. Rev. Stat. 1971, ch. 38, par. 105—1.01 *et seq.*) The appellate court reversed and remanded, holding that the proper standard of proof to be applied under the Sexually Dangerous Persons Act is proof beyond a reasonable doubt

and not simply by a preponderance of the evidence. (23 Ill. App. 3d 991.) We granted the State's petition for leave to appeal.

Section 1.01 of the Sexually Dangerous Persons Act defines a sexually dangerous person as used in the Act as:

"All persons suffering from a mental disorder, which mental disorder has existed for a period of not less than one year, immediately prior to the filing of the petition hereinafter provided for, coupled with criminal propensities to the commission of sex offenses, and who have demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children, are hereby declared sexually dangerous persons." Ill. Rev. Stat. 1971, ch. 38, par. 105—1.01.

Defendant contends that the standard of proof required for commitment under the Sexually Dangerous Persons Act must be proof beyond a reasonable doubt, not proof by a preponderance of the evidence. We agree.

While proceedings under the Act are characterized as civil in nature (Ill. Rev. Stat. 1971, ch. 38, par. 105—3.01), we do not find such label conclusive. The United States Supreme Court in *In re Winship,* 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068, a case involving a statute concerning juveniles, held that civil labels and good intentions do not themselves obviate the need for criminal due process safeguards in juvenile courts, for a proceeding where the issue is whether the child will be found delinquent and subjected to the loss of his liberty for years is comparable in seriousness to a felony prosecution.

The Federal District Court in *Stachulak v. Coughlin* (N.D. Ill. 1973), 369 F. Supp. 628, relying on *In re Winship* held that the reasonable doubt standard is required in proceedings brought pursuant to the Illinois Sexually Dangerous Persons Act. In affirming that decision (*United States ex rel. Stachulak v. Coughlin* (7th Cir. 1975), 520 F.2d 931), the Seventh Circuit Court of Appeals stated at page 937:

"We recognize that society has a substantial

interest in the protection of its members from dangerous deviant sexual behavior. But when the stakes are so great for the individual facing commitment, proof of sexual dangerousness must be sufficient to produce the highest recognized degree of certitude."

We are convinced of the soundness of the *Stachulak* holdings. The requirements of due process, under both the United States and Illinois constitutions, mandate that the drastic impairment of the liberty and reputation of an individual which results from civil commitment under the Sexually Dangerous Persons Act be justified by proof beyond a reasonable doubt. Consequently, we affirm the appellate court's decision, reversing defendant's commitment and remanding for a new hearing under the proper standard of proof. See also *People v. Burnick* (1975), 14 Cal. 3d 306, 535 P.2d 352, 121 Cal. Rptr. 488.

Defendant also contends that the Act violates the constitutional requirement of equal protection of the law because substantial differences exist between commitment proceedings under the Sexually Dangerous Persons Act and proceedings under the Mental Health Code (Ill. Rev. Stat. 1971, ch. 91½, par. 1–1 *et seq.*). We find no such denial of equal protection under either the United States or Illinois constitutions. Equal protection does not require that all persons be treated equally. It only requires that there be a reasonable and rational basis for the classifications which justifies different procedures for treating the two groups. *People v. Sherman*, 57 Ill.2d 1; *People v. McCabe*, 49 Ill.2d 338.

The factors set out in the Act which set a sexually dangerous person apart from the greater class of persons who fall within the provisions of the Mental Health Code are: (1) the existence of a mental disorder for more than one year; (2) the existence of criminal propensities to the commission of sex offenses; and (3) the existence of demonstrated propensities toward acts of sexual assault or

acts of sexual molestation of children. Defendant has failed to show how a classification based on these factors is unreasonable.

A "sexually dangerous person" creates different societal problems, and his past conduct is different in degree and kind from the conduct of persons in the larger, more inclusive class defined under the Mental Health Code. The defendant has failed to show why, in light of these factors, the legislature is not justified in prescribing a different manner of treatment. As noted earlier, "society has a substantial interest in the protection of its members from dangerous deviant sexual behavior." *United States ex rel. Stachulak v. Coughlin* (7th Cir. 1975), 520 F.2d 931, 937.

Defendant attacks the statute as being unconstitutionally void for vagueness, charging that the phrase "sexually dangerous person" is too indefinite and that there are no objective or meaningful standards for determining who should and who should not be committed.

A statute is unconstitutionally vague if the terms are so ill-defined that the ultimate decision as to its meaning rests on the opinions and whims of the trier of fact rather than any objective criteria or facts. (*People v. Belcastro,* 356 Ill. 144.) However, we find that sufficient objective criteria exist in the Act to meet constitutional requirements. As defendant concedes in his brief, under the Act the phrase "sexually dangerous person" requires proof of (1) a mental disorder in existence for at least one year, (2) propensities to the commission of sex offenses, and (3) demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children. Before a person may be defined as sexually dangerous, he must fall within the specified statutory definition. Even though psychiatry may not have an accepted definition of "sexually dangerous" as defendant claims, the legislature has defined the terminology with sufficient clarity to identify those who may be committed under the Act. Defendant also asserts that the phrase "mental disorder" is vague. However, the

mental disorder involved here must exist for at least a year, combine with propensities to commit sex offenses, and combine with demonstrated propensities toward acts of sexual assault or acts of sexual molestation of children.

Meaningful standards as to who is to be committed are also present under the statute. The same criteria enumerated above establish the required standards to be applied by a judicial officer charged with the duty to decide whether a person is sexually dangerous.

Similar vagueness attacks upon sexual psychopath statutes have failed. In *Minnesota ex rel. Pearson v. Probate Court,* 309 U.S. 270, 84 L. Ed. 744, 60 S. Ct. 523, a comparable statute was upheld. The court found that the *underlying conditions* specified in that statute "are as susceptible of proof as many of the criteria constantly applied in prosecutions for crime." (309 U.S. 270, 274, 84 L. Ed. 744, 749.) See also, Annot., 34 A.L.R.3d 652, 675-77 (1970).

The above answer to defendant's vagueness argument also disposes of his contention that the statute is overbroad.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*

MR. JUSTICE CREBS took no part in the consideration or decision of this case.