No. 75–608. COUGHLIN ET AL. *v.* STACHULAK. C. A. 7th Cir. Motion of respondent for leave to proceed *in forma pauperis* granted. Certiorari denied. MR. JUSTICE STEVENS took no part in the consideration or decision of this motion and petition.

MR. JUSTICE WHITE, with whom MR. JUSTICE POWELL joins, dissenting.

On appeal from an order granting respondent a writ of habeas corpus, 369 F. Supp. 628 (ND Ill. 1973), the Court of Appeals held, *United States ex rel. Stachulak* v. *Coughlin,* 520 F. 2d 931 (CA7 1975), that the Due Process Clause of the Fourteenth Amendment requires that the reasonable-doubt standard of proof be applied in judicial proceedings under the Illinois Sexually Dangerous Persons Act, Ill. Rev. Stat., c. 38, § 105–1.01 *et seq.* (1973), which authorizes the State to seek involuntary indeterminate commitment to a correctional institution in lieu of criminal prosecution of a person charged

with a criminal offense and believed to be sexually danger-
ous within the meaning of the Act.

The question whether due process requires proof be-
yond a reasonable doubt in such proceedings has pro-
duced divergent conclusions in the Courts of Appeals.
Compare *Tippett* v. *Maryland*, 436 F. 2d 1153 (CA4
1971), cert. dismissed *sub nom. Murel* v. *Baltimore City
Criminal Court*, 407 U. S. 355 (1972) (proof by a pre-
ponderance of the evidence), with *In re Ballay*, 157 U. S.
App. D. C. 59, 482 F. 2d 648 (1973), and *United States
ex rel. Stachulak* v. *Coughlin, supra* (proof beyond a
reasonable doubt).* The question is important to the
administration of justice in this country, and the Court
should shoulder its responsibility to resolve the conflict-
ing judgments.

I would grant the petition for a writ of certiorari and
afford the case plenary consideration.

---

*Several state courts are also at odds with the Court of Appeals
for the Fourth Circuit. See, *e. g., People* v. *Pembrock*, 62 Ill. 2d
317, 342 N. E. 2d 28 (1976); *People* v. *Burnick*, 14 Cal. 3d 306, 535
P. 2d 352 (1975); *In re Andrews*, —— Mass. ——, 334 N. E. 2d 15
(1975); *In re Levias*, 83 Wash. 2d 253, 517 P. 2d 588 (1973).