THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONNIE G. THORPE, Defendant-Appellant.

Second District   No. 76-11

Opinion filed September 16, 1977.

Ralph Ruebner and Daniel Cummings, both of State Appellate Defender's Office, of Elgin, for appellant.

James M. Carr, State's Attorney, of Sycamore (Phyllis J. Perko and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

The defendant appeals from a judgment that he was a sexually dangerous person (Ill. Rev. Stat. 1975, ch. 38, par. 105—1.01 *et seq.*) and ordered that he be committed to the custody of the Department of Corrections in custody of its director.

In his original brief defendant contended that the proceedings amounted to a "stipulated bench trial" (see *People v. Stepheny*, 56 Ill. 2d 237 (1974); *People v. Smith*, 59 Ill. 2d 236 (1974); *People v. Stinnette*, 49 Ill. App. 3d 134, 363 N.E.2d 945 (1977)) without affording him various constitutional rights which would follow from what he maintains is essentially a guilty plea. In a supplemental brief filed subsequent to the publication of *People v. Pembrock*, 62 Ill. 2d 317 (1976), defendant has

raised the further issue that the trial court was obliged to and did not apply a standard of proof beyond a reasonable doubt.

We first consider the defendant's claim that the court applied the wrong standard of proof.

The judgment was rendered on November 26, 1975, prior to the Illinois Supreme Court's opinion in *Pembrock* which held that although the statute under which defendant was convicted characterizes the proceedings as civil (Ill. Rev. Stat. 1975, ch. 38, par. 105—3.01) the civil "label" is not conclusive, and due process standards as in criminal cases are applicable, requiring proof beyond a reasonable doubt. 62 Ill. 2d 317, 320-21.

The trial judge in passing judgment made no reference to the standard of proof he followed in deciding that defendant was a sexually dangerous person. The defendant has not cited any authority nor have we found any which holds that a trial judge who sits as a trier of the facts in a criminal case must state for the record the standard of proof he has employed in making his decision. In the circumstances of this case it would, of course, have been particularly helpful if he had done so. However, it has been long settled that in determining the sufficiency of a verdict and a judgment of conviction based thereon the entire record will be searched to support the judgment. *People v. Woods*, 393 Ill. 586, 589 (1946). *Cf. People v. Shelton*, 33 Ill. App. 3d 871, 876 (1975); *Watson v. Auburn Iron Works, Inc.*, 23 Ill. App. 3d 265, 273 (1974).

The defendant's argument is principally based on the claim that the governing statute was generally interpreted at the time of the trial to require that the State prove Thorpe's alleged condition only by a preponderance of the evidence, but that thereafter *People v. Pembrock*, 62 Ill. 2d 317 (1976), established the rule that the proper standard of proof in proceedings under the Sexually Dangerous Persons Act is proof beyond a reasonable doubt. The defendant further contends that this ruling is retroactive pursuant to the views expressed in *In re Winship*, 397 U.S. 358, 25 L. Ed. 2d 368, 90 S. Ct. 1068 (1970), and *Ivan v. City of New York*, 407 U.S. 203, 32 L. Ed. 2d 659, 92 S. Ct. 1951 (1972). See also *Williams v. United States*, 401 U.S. 646, 28 L. Ed. 2d 388, 91 S. Ct. 1148 (1971) and *United States ex rel. Morgan v. Sielaff*, 546 F.2d 218 (7th Cir. 1976).

The State argues that we should presume that the trial judge applied the reasonable doubt standard since the First District appellate court in *People v. Pembrock*, 23 Ill. App. 3d 991, 995 (1974), also had held prior to the hearing and judgment in this case that the reasonable doubt standard applied. In response the defendant cites the majority opinion of the Fourth District appellate court in *People v. Oliver*, 32 Ill. App. 3d 772, 777 (1975), which had held that the preponderence of the evidence was the

appropriate standard while the *Pembrock* case in the First District was on leave to appeal but before the supreme court ruled.

■■ From our review of the record we are satisfied that the defendant was proven guilty beyond a reasonable doubt. We agree with the State's argument that we must presume that the court followed the *Pembrock* rule pursuant to the earlier appellate court opinion rather than the *Oliver* case and that therefore since the proof in the records satisfies the reasonable doubt standard we must affirm.

It is a well-established rule that "all reasonable intendments not contradicted by the record are to be taken in favor of the validity of the judgment." (*People v. Bassinger*, 403 Ill. 108, 111 (1949).) It is also clear that " '[e]rror is never presumed by a reviewing court, but must be affirmatively shown by the record.' " *Flynn v. Vancil*, 41 Ill. 2d 236, 241-42 (1968).

■■■ The defendant has not sustained his burden of showing on the record the error of which he complains. The decisions of an appellate court are binding precedent on all circuit courts regardless of locale. (See, e.g., *Garcia v. Hynes & Howes Real Estate, Inc.*, 29 Ill. App. 3d 479, 481 (1975). *Cf. United Mine Workers of America Hospital v. United Mine Workers of America District No. 50*, 52 Ill. 2d 496, 499 (1972).) Where two or more appellate districts are in conflict the circuit court should follow the decision of the appellate court of its district. (*Garcia v. Hynes & Howes Real Estate, Inc.*, 29 Ill. App. 3d 479, 482, (1975).) Here, no decision of this district had ruled contrary to the *Pembrock* opinion in the First District. However, prior to the hearing in this case the Seventh Circuit court of appeals had also held that proof beyond a reasonable doubt was constitutionally required in a sexual psychopath commitment proceeding, in *Stachulak v. Coughlin*, 520 F.2d 931 (7th Cir. 1975). Although the holding of a lower Federal tribunal is not binding precedent on Illinois courts (see *People v. Stansberry*, 47 Ill. 2d 541, 545 (1971)) the *Stachulak* ruling would have particularly alerted a trial judge to the danger of applying a lower standard of proof since the federal action was for habeas corpus relief with the practical effect that a defendant as to whom a standard of proof was applied other than beyond a reasonable doubt could have secured his release even if the Illinois Supreme Court had held otherwise. See also *United States ex rel. Morgan v. Sielaff*, 546 F.2d 218 (7th Cir. 1976), which granted class action relief to all persons whose commitments were accomplished by use of a standard of proof less than that beyond a reasonable doubt.

It would appear highly unlikely in any practical sense that the trial court would have followed *People v. Oliver* since that Fourth District opinion was filed on October 16, 1975, and did not appear in advanced

publication form until December 10, 1975, 14 days after the trial court's decision in this case.

In this view, we do not reach the question of the retroactivity of the Illinois Supreme Court's decision in *People v. Pembrock.*

We then must consider defendant's argument that the proceedings amounted to a stipulated bench trial. A brief reference to the facts shown in the record is required.

On October 22, 1975, defendant was arrested on a charge of rape. Statements were taken from him in which he made admissions as to the rape of his sister-in-law, admitted various acts of indecent liberties with two other sisters-in-law who were children under the age of 16 years and also admitted to reoccurring sexual fantasies involving the children.

By court order a psychiatric examination of defendant was conducted by Thomas Kirts, M.D., on October 28, 1975. On November 25, 1975, the State petitioned to have the defendant committed to the Department of Corrections for treatment pursuant to the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1975, ch. 38, par. 105—1.01). On the same date the court appointed Irving Frank, M.D., and again Dr. Kirts to examine the defendant and report to the court. The same counsel who had been appointed to represent defendant on the rape charge was then appointed to represent him in these proceedings.

The defendant appeared in court with his attorney on November 25. At that time he waived his right to a jury trial after being properly admonished and also signed a written waiver. Defendant's counsel stated to the court that he was prepared to proceed with the hearing.

On the same date the hearing on the petition began and continued on the 26th of November. At the hearing Dr. Kirts testified that he had examined defendant at the request of the court and the state's attorney on October 28 for approximately one hour. He stated that defendant was a man of low intelligence who has severe difficulties controlling his impulses; and that the problem related not only to sexual impulses but beyond that to violent or destructive behavior. Dr. Kirts, qualified as a forensic psychiatrist, gave his opinion based on the statute that defendant was a sexually dangerous person as defined in the Act. He also concluded that defendant had a propensity towards acts of sexual assault or sexually deviate conduct. He based his findings and opinion on his examination of defendant on October 28 including the written statements which defendant had given to the police and his observation of defendant who was hospitalized under his care from November 22 through November 26. Defense counsel's cross-examination was directed at testing the witness' conclusion that defendant was sexually dangerous as distinguished from "another criminal defendant."

On the following day of trial Dr. Frank, a psychiatrist who also had a

doctorate degree in psychology testified. He stated that he had interviewed defendant a day or two prior to the hearing. He made the general diagnosis that defendant is impulsively driven at times, is unable to cope with these drives and therefore "acts out" without being aware of it. The prosecutor read the definition of a sexually dangerous person in the statute, including the provision that the disorder has existed for a period not less than one year. The doctor gave his opinion that the defendant was a sexually dangerous person as defined in the Act with propensities for antisocial criminal behavior in other than sexual areas. He based his opinion on the history which he took from defendant, his examination of him and from a reading of defendant's statements to the police which were made available to him. Defendant's counsel cross-examined the witness to bring out the fact that defendant would become a ward of the Department of Correction and challenged the doctor's awareness of the facilities for treatment in that department.

Gerald Powell, a DeKalb city police officer, testified that he had taken statements on tape from the defendant after fully warning him of his *Miranda* rights. Thereafter the statements were read to defendant who made some corrections and willingly signed them. At this point the state's attorney sought to question the officer as to oral statements made by the defendant. Defendant's counsel objected to this line of inquiry but stated that he would have no objection to the introduction of the entire transcript of the statements into evidence. He noted that there were "other people present" and stated that he did not think it necessary to go through the subject matter of the statements. The state's attorney indicated that there were additional oral statements that were not transcribed which related to details supporting allegations in the petition which included the lewd fondling and touching of a dog with the intent to satisfy defendant's sexual desires. Defendant's counsel again objected on the basis that cumulative evidence was not necessary, that he thought that "the State has proved their case."

Further examination of the officer was discontinued except to lay the foundation that the written statements were made willingly and understandingly. The state's attorney and defendant's counsel stipulated that the copies present in court would be admitted and that the originals which were still in control of the DeKalb police be later substituted. No evidence was offered on behalf of the defendant.

In arguing that these proceedings amounted to a "stipulated bench trial" and that the summary nature of the proceedings deprived him of due process of law defendant refers to the fact that the petition was filed on the date of trial, that counsel was appointed on the same date, sought no continuance, allegedly engaged in minimal cross-examination and stipulated to hearsay proof. He argues that he was not admonished as to

the consequences of what he concludes was essentially a plea of guilty to the charge of being a sexually dangerous person in need of commitment.

*People v. Stepheny*, 56 Ill. 2d 237 (1974), and *People v. Smith*, 59 Ill. 2d 236 (1974), do not support his argument. In *Stepheny* the defendant was charged with murder and convicted of manslaughter following a bench trial. The supreme court reversed on the ground that defense counsel had agreed to a disposition of the matter by a finding of guilt of the lesser offense and that defendant was not advised or admonished as to the consequences of the proceeding, which, in effect, amounted to a plea of guilty. (56 Ill. 2d 237, 240.) Similarly in *Smith* the result of the bench trial was previously agreed upon and the defendant was not informed. Again, the failure to admonish as in the case of a guilty plea required a reversal.

The present case is clearly distinguishable. The stipulation to dispense with further factual proof proffered by the State did not amount to a stipulated trial in the sense condemned in the cited opinions. The essential elements which the State is required to prove are that the defendant suffers from a mental disorder which has existed for a period of not less than one year immediately prior to the filing of a petition coupled with criminal propensities to the commission of sex offenses, and demonstrated propensities towards acts of sexual assault or acts of sexual molestation of children. Ill. Rev. Stat. 1975, ch. 38, par. 105—1.01. See also *People v. Pembrock*, 62 Ill. 2d 317, 321-22 (1974).

■■ These elements were proved beyond a reasonable doubt by the testimony of the examining psychiatrists who testified at the hearing and were subjected to cross-examination. These opinions, of course, were partially based upon defendant's statements which would have been entitled to admission without stipulation but to which the defendant's counsel did stipulate. The record clearly shows that the statements were voluntarily and understandingly made and there is no plausible suggestion to the contrary. The principal officer to whom the admissions were made testified and was subject to cross-examination. The inclusion of a statement by the prosecutrix in the rape case and the police reports in evidence introduced by stipulation, while hearsay, have not been shown to be prejudicial and, in any event, could not amount to a deprivation of constitutional due process. While defendant argues that his counsel stipulated to waive his case it rather appears that it was apparent that further proof would be cumulative and would be embarrassing to the defendant. "Proper legal representation does not require the manufacturing of a defense when there is none, or the obfuscation of facts." (*People v. Olmstead*, 32 Ill. 2d 306, 311 (1965); *People v. Hodges*, 36 Ill. App. 3d 422, 426 (1976).) In spite of the stipulation the basic judicial function of determining defendant's guilt under the Sexually Dangerous Persons Act remained for the determination of the trial judge based on the

in-court testimony of the medical experts and the examination of the officer to establish the voluntary character of defendant's admissions. Therefore the procedure was not tantamount to a plea of guilty. See *People v. Stinnette*, 49 Ill. App. 3d 134, 363 N.E.2d 945, 948-49 (1977). *Cf. People v. Russ*, 31 Ill. App. 3d 385, 389 (1975).

From our review of the record we conclude that the hearing afforded defendant constitutional due process and we therefore affirm the judgment.

Affirmed.

GUILD and WOODWARD, JJ., concur.