THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, v. JAMES P. McDONALD, Respondent-Appellant.

Fifth District   No. 5—88—0066

Opinion filed August 8, 1989.

Richard Koritz, of Ford & Koritz, of Sesser, for appellant.

Terry M. Green, State's Attorney, of Benton (Kenneth R. Boyle, Stephen E. Norris, and Gerry R. Arnold, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE HOWERTON delivered the opinion of the court:

A Franklin County jury found respondent to be sexually dangerous on the State's petition under section 4 of the Sexually Dangerous Persons Act (Ill. Rev. Stat. 1987, ch. 38, par. 105—4). The court entered judgment on the verdict and appointed Michael Lane, Director of the Illinois Department of Corrections, respondent's guardian.

Respondent appeals and raises four issues. This court, however, need address only two: (1) whether respondent was proved to be sexually dangerous beyond a reasonable doubt; and (2) whether the report of Michael Althoff, Ph.D., a registered psychologist, should have been read to the jury.

The State concedes that it was error to introduce Dr. Althoff's report into evidence; he is a psychologist, not a psychiatrist, and the law requires examination and report from a psychiatrist, not a psychologist. (Ill. Rev. Stat. 1987, ch. 38, pars. 105—4, 105—4.01.) We, therefore, vacate the judgment of the circuit court of Franklin County and remand for a new trial.

Since we remand for a new trial without deciding whether respondent was proved to be sexually dangerous, we need to immediately address the exposure of respondent to double jeopardy.

This court holds that this case is civil, not criminal, and therefore,

This court holds that this case is civil, not criminal, and therefore, remanding this case for retrial without weighing the evidence to determine whether defendant was proved guilty beyond a reasonable doubt does not violate the provision against double jeopardy contained in the Illinois Constitution or the United States Constitution. Ill. Const. 1970, art. I, §10; U.S. Const., amend. V.

■ Our supreme court in *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366, 375, held that an appellate court risks subjecting a defendant to double jeopardy when it reverses a criminal conviction and remands for new trial without deciding defendant's contention that the evidence at the first trial was insufficient to convict.

■ Double jeopardy does not apply to civil cases, however. The case at bar is civil, not criminal, and has been so designated by the legislature. (Ill. Rev. Stat. 1987, ch. 38, par. 105—3.01.) Treatment, not punishment, is the aim of the statute, making reasonable the legislative determination that the proceedings are civil. *People v. Allen* (1985), 107 Ill. 2d 91, 100-01, 481 N.E.2d 690, 695, *aff'd* (1986), 478 U.S. 364, 92 L. Ed. 2d 296, 106 S. Ct. 2988.

■ Proof beyond a reasonable doubt is the quantum of proof required to establish that respondent is sexually dangerous. (Ill. Rev. Stat. 1987, ch. 38, par. 105—3.01.) The threshold question, therefore, is whether the quantum of proof causes this case to be considered criminal, rather than civil, so that it falls within the holding of *Taylor*.

The legislature wisely chose proof beyond a reasonable doubt to establish one sexually dangerous because of the unique risks to liberty posed by the statute itself. Upon a finding that a person is sexually dangerous, the Director of Corrections is appointed guardian. The person is committed to custody until recovery and released only as provided by law. *People v. Pembrock* (1976), 62 Ill. 2d 317, 319-21, 342 N.E.2d 28, 29.

■ Civil cases ordinarily call for proof by a preponderance of the evidence or proof by clear and convincing evidence; civil cases ordinarily do not call for proof beyond a reasonable doubt. Nevertheless, requiring proof beyond a reasonable doubt does not transform this civil case into a criminal case, nor confer on respondent the rights of a criminal defendant. Although the standard of proof beyond a reasonable doubt must be used in sexually dangerous persons proceedings, this court does not believe that other elements of the criminal process, such as admonitions regarding a right to a jury trial, and to a right to appeal, for example, are constitutionally required. (*People v. Pembrock* (1974), 23 Ill. App. 3d 991, 995, 320 N.E.2d 470, 473, *aff'd* (1976), 62 Ill. 2d 317, 342 N.E.2d 28.) Proceedings under the sexually

dangerous provision of the Code of Criminal Procedure of 1963 are not "criminal" within the meaning of the fifth amendment to the United States Constitution, nor does the due process clause of the fourteenth amendment to the United States Constitution independently require application of the privilege against self-incrimination. (*Allen v. Illinois* (1986), 478 U.S. 364, 375, 92 L. Ed. 2d 296, 308, 106 S. Ct. 2988, 2995.) The right to be secure from unreasonable search and seizure, privilege against self-incrimination, and double jeopardy are all concepts that grew out of the American colonial experience with tyrannical application of the criminal law and all are concepts uniquely associated with criminal law. Whereas, each of these concepts has been enshrined in both the Illinois and United States Constitutions, proof beyond a reasonable doubt has not. Although proof beyond a reasonable doubt is traditionally associated with criminal law, there is neither a constitutional impediment to nor a logical reason that forbids its application to a civil case. Therefore, *Taylor* does not apply.

■ Turning now to the issue of whether the legislative mandate that respondent be examined by two psychiatrists (Ill. Rev. Stat. 1987, ch. 38, pars. 105—4, 105—4.01) was violated, this court finds that it was and that respondent is entitled to a new trial.

The circuit court appointed Thomas T. Flynn, M.D., a psychiatrist, and Michael E. Althoff, Ph.D., a psychologist, to examine defendant. At trial, defense counsel, who does not represent respondent on appeal, stipulated that Dr. Althoff was qualified to conduct an examination of respondent. The stipulation to the contrary notwithstanding, the statute plainly requires examination by two qualified psychiatrists. That plain legislative requirement is reflective of policy and cannot be waived. (*People v. Bruckman* (1965), 33 Ill. 2d 150, 154, 210 N.E.2d 537, 540.) As two qualified psychiatrists were not appointed to examine respondent, the judgment of the circuit court of Franklin County must be reversed and remanded for further proceedings.

■ Finally, we are presented with the problem of justifying remand in view of the record in this case.

Dr. Flynn, a psychiatrist, concluded that respondent's problem was chemical dependence on mood-altering drugs, and his sexual problems were secondary to that dependency, but could find no anti-social disorder. Dr. Flynn's report is admissible, but does not support a finding that respondent is sexually dangerous.

On the other hand, Dr. Althoff, a psychologist, concluded that respondent has propensities toward commission of sex offenses, has anti-social personality features, and an adjustment disorder with

mixed emotional features; Dr. Althoff's report supports finding respondent sexually dangerous, but is not admissible.

The record, therefore, presents a case wherein it appears that the only admissible evidence does not support a finding that defendant is sexually dangerous. How then can this court avoid outright reversal, and remand instead?

We first note that examination of case law reveals no clear picture of when a reversal is to be entered on appeal to the exclusion of remand for retrial when evidence that is relevant, but barred for policy reasons improperly has been relied upon to support a finding in a circuit court. We approach this question by noting that the testimony of Dr. Althoff is relevant, but is barred by policy announced by the legislature, namely, that only psychiatrists, not psychologists, are to examine putative sexually dangerous persons and report to the court. We next note that under *Wilson v. Clark* (1981), 84 Ill. 2d 186, 417 N.E.2d 1322, a psychiatrist could rely upon the report of a psychologist in arriving at an opinion as to whether a person is sexually dangerous, so long as the psychiatrist testified that psychologist reports are reasonably relied upon by psychiatrists in arriving at such opinions. In that instance, *Wilson v. Clark*, operating in tandem with the statute, would allow the psychiatrist to give an opinion based solely on the psychologist's report, except for the legislative mandate that the psychiatrist examine the person. We further note that psychology is a field closely related to psychiatry, the prime difference being the power to prescribe controlled substances. Under this analysis, the facts strongly suggest that the State will be able to present appropriate psychiatric testimony. "[A] case should not be reversed for failure of proof without remanding unless the record indicates that the available essential evidence has been fully presented and that no recovery could be had in any event." *Reed Schmidt & Associates, Inc. v. Carafiol Furniture Co.* (Mo. App. 1971), 469 S.W.2d 876, 879. See *Jones v. Petrolane-Cirgas, Inc.* (1986), 146 Ill. App. 3d 153, 496 N.E.2d 509.

The judgment is reversed and the case remanded for further proceedings.

Reversed and remanded.

WELCH, P.J., and RARICK, J., concur.